**Baldeep Singh HUNDAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70062.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 5, 2006.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Lisa A. Christian, AUSA, United States Attorney's Office, Denver, CO, for Respondent.

BEFORE: CANBY, COX,* and PAEZ, Circuit Judges.

## MEMORANDUM **

Baldeep Singh Hundal, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we grant in part and deny in part the petition for review.

Substantial evidence does not support the BIA's adverse credibility determination. Hundal's testimony contains only minor discrepancies that are insufficient to support an adverse credibility finding. *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). Similarly, the IJ's general observation that Hundal lacked emotion when testifying does not justify the conclusion that Hundal was not credible. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003) (a demeanor-based adverse credibility finding

must "specifically and cogently" refer to the non-credible aspects of the applicant's demeanor).

Substantial evidence also does not support the BIA's determination that Hundal failed to establish past persecution on account of a protected characteristic. In his testimony, which we accept as true, *Singh v. Gonzales*, 439 F.3d 1100, 1111 (9th Cir.2006), Hundal described a series of detentions and beatings that, considered as a whole, clearly rises to the level of persecution. *See, e.g., Chand v. INS*, 222 F.3d 1066, 1073–74 (9th Cir.2000) (finding "persecution" where applicant was subjected to physical violence on three different occasions). A sufficient nexus to a protected characteristic was established by Hundal's testimony that his persecutors specifically referred to his political activities during three detentions and beatings. This is true even though, with respect to two of the three beatings, Hundal's persecutors may have additionally been motivated by a desire to deter him from filing a complaint. *See Singh*, 439 F.3d at 1112 ("[A] mixed motive [does not] defeat an asylum claim, as long as one of the motives is a protected ground.").

Because Hundal was subjected to past persecution, he is entitled to a presumption of future persecution that can be rebutted only by evidence of a fundamental change in circumstances. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); 8 C.F.R. § 208.13(b)(1). Because the BIA failed to explain how the general cessation of disappearances in the Punjab (mentioned in the 2001 State Department report) affects Hundal's particularized risk of being persecuted, substantial evidence does not support its finding that Hundal no longer has a well-founded fear. *Moli-*

---

* The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

*na–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) ("[A] State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution.").

We remand to the BIA to perform an "individualized analysis" of how changed country conditions affect Hundal's particularized risk of being persecuted, *id.*, and, if necessary, to consider the appropriateness of a discretionary grant of asylum. We also remand to consider in the first instance whether Hundal is eligible for withholding of removal. Because Hundal failed to prove that he is more likely than not to be tortured if returned to India, substantial evidence supports the BIA's determination that Hundal is ineligible for CAT relief. We deny the petition with regard to that claim.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**